THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL; DE'VION MURRY; and DEANDRE' MURRY, | ) ) ) ) | 8:07CV143 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MEMORANDUM** |
| CITY OF OMAHA; OMAHA POLICE DEPARTMENT; T. RINGHOFF, #1554 (Police Officer); J. WARNOCK, #1568 (Police Officer); STATE OF NEBRASKA; LAURA PETERSON, State Risk Manager; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and NEBRASKA COMMISSION ON LAW ENFORCEMENT AND CRIMINAL JUSTICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) ) ) | |

After initial review of the plaintiff's complaint, the court ordered that this case could proceed on the sole claim that the City of Omaha and police officers Ringhoff and Warnock violated the plaintiff's rights under 42 U.S.C. § 1983 based on an illegal search and seizure occurring during a traffic stop. (Filing 10.) The court also granted the plaintiff leave to file an amended complaint to allege claims against the State of Nebraska, Laura Peterson, the Equal Employment Opportunity Commission, and the Nebraska Commission on Law Enforcement and Criminal Justice. (*Id*.) Finally, the court dismissed the plaintiff's malicious prosecution claim against the City of Omaha and his request for relief based on lost child support and modification of his child support order. (*Id*.) Summons were issued and returned executed as to defendants

City of Omaha, Ringhoff, and Warnock.  (Filings 13, 20, 21, 27.)

Pursuant to the court's order, the plaintiff filed an amended complaint (filing 12).  The amended complaint requests relief from the Equal Employment Opportunity Commission and the Nebraska Commission on Law Enforcement for "denying the plaintiff benefits and compensation," "negligence," and "unprofessional conduct." The amended complaint also requests relief from the State of Nebraska for malicious prosecution and seeks leave to remove Laura Peterson as a defendant and to add Douglas County as a defendant for unlawful confinement and malicious prosecution. (Filing 12.)

The court must review Plaintiff's amended complaint to determine whether the complaint, or any part of it, should be summarily dismissed because it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  Also pending before the court are numerous motions filed by the plaintiff and a motion to dismiss filed by defendants Ringhoff and Warnock.[1]

## A.  Initial Review of Amended Complaint

Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v.*

---

[1]While the City of Omaha has filed a motion to dismiss on behalf of its police officers (filing 31), the City has not filed a motion to dismiss or answer on its own behalf.  (*See* Filings 24 & 25 (granting City's motion for enlargement of time to file answer or other pleading).)  I shall order the City to show cause why the plaintiff is not entitled to judgment by default.  Fed. R. Civ. P. 55.

*Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

To state a claim under 42 U.S.C. § 1983, as the plaintiff attempts to do here, the plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's amended complaint alleges no facts whatsoever relating to his claim that the Equal Employment Opportunity Commission and the Nebraska Commission on Law Enforcement owed him "benefits and compensation," were "negligen[t]," and engaged in "unprofessional conduct." Accordingly, I must dismiss Plaintiff's claims against these entities for failure to state a claim upon which relief may be granted.

The amended complaint also requests relief from the State of Nebraska for malicious prosecution. As previously stated in the court's order on initial review of the plaintiff's original complaint, malicious prosecution is a tort under state law and is not actionable under 42 U.S.C. § 1983. (Filing 10, at 2.) Thus, this claim against the State of Nebraska shall be dismissed for failure to state a claim upon which relief can be granted.

Finally, Plaintiff's amended complaint seeks leave to add as a defendant Douglas County, against which Plaintiff intends to allege claims for unlawful confinement and malicious prosecution. As stated above, the malicious prosecution

3

claim is not actionable under 42 U.S.C. § 1983.  Regarding Plaintiff's potential claim for "unlawful confinement" against Douglas County, "a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality." *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2000) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Further, a "municipality may be liable for failure to train its employees when that failure can be shown to be deliberate indifference to the rights of others." *Yellow Horse*, 225 F.3d at 928 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). In neither his complaint nor amended complaint has the plaintiff identified any Douglas County policy, custom, or failure to train that was the "moving force" behind the alleged constitutional violation, *Monell*, 436 U.S. at 694, nor has he alleged facts from which such a policy, custom, or failure might be inferred.

In any case, "[f]alse imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished without due process of law.'" *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)).  Further, when Plaintiff was given leave to file an amended complaint after initial review, he was not given leave to amend his complaint by adding a party.  NEGenR 1.3(g) (all litigants proceeding pro se shall be bound by all local rules and federal rules of procedure).

Because Plaintiff has alleged no grounds upon which to bring a section 1983 claim against Douglas County, I shall deny Plaintiff's request to add the county as a defendant.  Finally, I shall dismiss defendant Laura Peterson as a party to this action upon Plaintiff's request, which is included in his amended complaint.

## B.  Motions for Copies

Plaintiff has filed motions requesting copies of his complaints.  (Filings 11, 14.)  The statutory right to proceed in forma pauperis does not include the right to

receive copies of documents without payment.  28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).  If the plaintiff requires copies of court documents, he should contact the Clerk of the Court to determine the proper method of requesting and paying for copies.  Plaintiff's motions requesting copies (filings 11, 14) shall be denied.

Plaintiff has also filed a motion for copies of any pleadings filed between August 17, 2007, and September 1, 2007, because Plaintiff was moved to a new correctional facility, and he suspects he might not have received filings during that time frame.  Plaintiff is correct.  Despite filing a notice of change of address on August 27, 2007 (filing 30), counsel for defendants Ringhoff and Warnock did not send the defendants' motion to dismiss and supporting brief (filings 31, 32) to the correct facility.  Thus, I shall grant Plaintiff's request for copies of Defendants' motion to dismiss and supporting brief.

## C.  Motion for Guardian Ad Litem

Plaintiff requests that the court grant him leave to "represent his/the children in this cause of action . . . and proceed as their attorney."  (Filing 17.)  Plaintiff alleges that his children are minors.  (Filing 17.)

> [R]epresentative parties may not appear pro se on behalf of other litigants. In particular, a non-attorney parent may not appear pro se on behalf of a minor child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990).  *Accord Devine v. Indian River County School Bd.*, 121 F.3d 576 (11th Cir. 1997), *cert. denied*, 522 U.S. 1110 (1998); *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997); *OseiAfriyie v. Medical College of Pa.*, 937 F.2d 876 (3d Cir. 1991).

> []Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children.[] *Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998), *cert. denied*, 526 U.S. 1025 (1999) . . . . [The non-attorney-parent plaintiff] may represent himself by virtue of 28 U.S.C. § 1654. However, he may not maintain a pro se action on behalf of [his minor child].

*Wolfe v. Johanns*, No. 8:00CV609, 2002 WL 475172, at *1-2 (D. Neb. Mar. 29, 2002). *See also Llanes v. Nebraska State Patrol*, No. 4:06CV3155, 2007 WL 1591878, at *2 (D. Neb. June 1, 2007) (father of minor children could not represent children who were also plaintiffs); *Estate of Montileaux v. Farmers State Bank*, No. Civ. 05-5049, 2005 WL 3088610, at *4 (D.S.D. Nov. 16, 2005) (non-lawyer parent could not represent minor children; while 28 U.S.C. § 1654 allows parties to plead and conduct their own cases personally, that right does not extend to representing one's child); *Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").

Both complaints in this case have been signed only by Jamaal A. McNeil. Because Jamaal McNeil may not represent his minor children as fellow plaintiffs, the claims purportedly brought on his children's behalf will be dismissed without prejudice to preserve their rights until their majority or until they are properly represented. The Clerk of Court will be directed to change the caption of this action in the court's records to reflect that this litigation is proceeding in the name of Jamaal A. McNeil, only, as the plaintiff.

## D.  Miscellaneous Motions

Plaintiff requests summons and "285 forms" for all defendants (filing 14). Summons have already been issued and returned executed as to defendants City of

6

Omaha, Ringhoff, and Warnock, the only defendants in this case at this time. (Filings 13, 20, 21, 27.) Therefore, Plaintiff's request shall be denied as moot.

Plaintiff moves to amend "the record" with various exhibits that are at this point irrelevant. (Filings 18, 23.) I shall deny the motions without prejudice to refiling in conjunction with motions for summary judgment.

Plaintiff's motion to amend the complaint (filing 22), which fails to "set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading," NECivR 15.1(a), is denied.

The plaintiff has filed a motion for issuance of subpoenas for records, documents, data, and books from the Clerk of the District Court for Douglas County, Nebraska (filing 19). It is the court's practice to issue a progression order, addressing discovery and other issues, approximately 30 days after the last defendant has answered. As stated above, the City of Omaha has not yet answered or filed a motion to dismiss. Therefore, I shall deny Plaintiff's motion without prejudice to its reassertion after entry of the progression order.

Accordingly,

IT IS ORDERED:

1.     Within 20 days of the date of this order, Defendant City of Omaha shall show cause why the plaintiff is not entitled to judgment by default for the City's failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55. The Clerk of the United States District Court for the District of Nebraska shall set a case management deadline using the following text: Feb. 19, 2008: deadline for City of Omaha to show cause why Plaintiff is not entitled to judgment by default.

7

2.     The Equal Employment Opportunity Commission, the Nebraska Commission on Law Enforcement, and the State of Nebraska are dismissed as defendants from this case for failure to state a claim upon which relief can be granted.

3.     Defendant Laura Peterson is dismissed as a defendant in this case upon Plaintiff's request.

4.     Plaintiff's request to add Douglas County as a defendant is denied.

5.     Plaintiff's motions requesting copies of his complaints (filings 11, 14) are denied.

6.     Plaintiff's motion for copies of filings made between August 17, 2007, and September 1, 2007, (filing 33) is granted, and the Clerk of the United States District Court for the District of Nebraska is directed to send copies of the motion to dismiss (filing 31) and supporting brief (filing 32) filed by defendants Ringhoff and Warnock to the plaintiff at his current address of record.

7.     Plaintiff shall have 20 days after receipt of the motion to dismiss (filing 31) and supporting brief (filing 32) filed by defendants Ringhoff and Warnock to file a response to the motion to dismiss, and defendants Ringhoff and Warnock shall have five (5) business days after Plaintiff has filed his response to file a reply, if desired. The Clerk of the United States District Court for the District of Nebraska shall set a case management deadline using the following text: March 3, 2008: motion to dismiss (filing 31) ripe for disposition upon receipt of defendants' reply.

8.     The motion to dismiss (filing 31) filed by defendants Ringhoff and Warnock is held in abeyance pending the court's receipt of Plaintiff's response and Defendants' reply, and the motion to dismiss shall be ripe for disposition after the time for filing Defendants' reply has passed.

9.     Plaintiff's motion (filing 17) to represent his minor children as plaintiffs in this case is denied.  De'Vion and DeAndre' Murry are not parties to the above-captioned case, and to the extent they have been named as plaintiffs, their claims are dismissed without prejudice.  The Clerk of Court shall adjust the court's records accordingly; that is, the caption of the above-entitled action shall be changed to reflect that this litigation is proceeding in the name of Jamaal A. McNeil, only, as the plaintiff.

10.     Plaintiff's motion for summons and "285 forms" for all defendants (filing 14) is denied as moot.

11.      Plaintiff's motions to amend "the record" with various exhibits are denied without prejudice.  (Filings 18, 23.)

12.     Plaintiff's motion to amend the complaint (filing 22) is denied.

13.     Plaintiff's motion for issuance of subpoenas for records, documents, data, and books from the Clerk of the District Court for Douglas County, Nebraska, (filing 19) is denied without prejudice to its reassertion after entry of the progression order.

January 30, 2008.

                                        BY THE COURT:
                                        s/ *Richard G. Kopf*
                                        United States District Judge