IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, DE'VION MURRY, and DEANDRE' MURRY, | ) ) ) | |
| Plaintiffs, | ) ) | 8:07CV143 |
| v. | ) ) | |
| OMAHA, CITY OF, OMAHA POLICE DEPARTMENT, T. RINGHOFF, &#035;1554 (Police Officer), J. WARNOCK, &#035;1568 (Police Officer), STATE OF NEBRASKA, LAURA PETERSON, State Risk Manager, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, NEBRASKA COMMISSION LAW ENFORCEMENT AND CRIMINAL JUSTICE, and DOUGLAS COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

The only remaining Plaintiff is Jamaal A. McNeil. The only remaining Defendants are the City of Omaha, its police department and Omaha Police Officers T. Ringhoff and J. Warnock. The only remaining claim is that these Defendants violated Plaintiff's rights by subjecting him to an unlawful search and seizure.

The remaining Defendants move to dismiss. (Filing No. 39, Attach. 1.) I will grant their motion for two independent reasons. I will also deny Plaintiff's numerous motions. Briefly, the grounds for my decision are set forth below.

*The Complaint*

The Complaint in this case was filed on April 17, 2007. (Filing No. 1.)[1] It is brought under 42 U.S.C. § 1983. The portion of the Complaint that survived initial review alleges an unlawful search and seizure by Omaha Police Officers T. Ringhoff and J. Warnock.

Summarized and condensed, Plaintiff alleges (a) that Officer Warnock pulled him over for a traffic violation on February 2, 2002; (b) that the officer informed Plaintiff of a broken tail light; (c) that Officer Warnock then asked for Plaintiff's identification and vehicle registration; (d) that the officer returned to his cruiser to write a ticket; (e) that Officer Warnock returned to the vehicle, and instructed Plaintiff to exit the vehicle; (f) that Officer Ringhoff then arrived at the scene; and (g) that Officers Warnock and Ringhoff wrongly conducted a search of Plaintiff's vehicle and person without Plaintiff's consent and that Plaintiff was thereafter arrested and transported to jail. (Filing No. 1 at CM/ECF pp. 5-6.)

Attached to the Complaint are copies of various documents that are incorporated by reference into the Complaint. Included in those attachments are documents pertaining to a state criminal case that resulted from the search and seizure. That case was styled *State of Nebraska v. Jamaal A. McNeil*, Doc. 155, No. 981, in the District Court of Douglas County, Nebraska.

The attachments include four documents that pertain to the criminal case and those documents are (1) a written motion to suppress filed by McNeil's counsel on May 22, 2002 (filing no. 1 at CM/ECF pp. 17-18); (2) a judge's two-page written decision, dated July 17, 2002, finding that the motion to suppress should be granted

---

[1] Plaintiff filed an Amended Complaint on June 25, 2007, but it did not change any of the pertinent allegations regarding the City of Omaha or the police officers. (*Compare* filing no. 12 *with* filing no. 1.)

because, although Plaintiff consented to a vehicle search, Plaintiff did not consent to a "pat down for officer safety" and thus the drugs found in Plaintiff's socks and Plaintiff's related inculpatory statements must be suppressed (*id*. at CM/ECF pp. 19-20); (3) an order by the judge releasing the defendant from jail on August 16, 2002 (*id*. at CM/ECF p. 21); and (4) an order dismissing the criminal case against Plaintiff based upon the oral motion of the prosecutor which order was signed on August 16, 2002, and filed on August 19, 2002. (*Id*. at CM/ECF p. 22.)

Plaintiff acknowledges that his suit faces a statute of limitations hurdle by specifically alleging in his Complaint that "[n]othing shall bar the plaintiff['s] complaint of [sic] limitations under U.S.C. 28 § 1658 [sic], Neb. Rev. Stat. 25-209 [sic], and discovery rule, and etc." (Filing No. 1 at CM/ECF p. 8.) He provides no other details.

Plaintiff also addresses the City of Omaha's involvement by specifically alleging that the "acts and omissions of the above identified referenced officers . . . were [taken pursuant to] the general authority to act for the City of Omaha on the subject matter to which they relate." (*Id*. at CM/ECF p. 11.) No other information is provided that implicates the City of Omaha in the alleged wrong-doing of the police officers.

*The Motion to Dismiss and Official Policy or Custom*

The City and the police officers, in their official capacities, move to dismiss because the Complaint fails to state a claim upon which relief can be granted. In order to prevail on his claim against the City or against the police officers in their official capacities, Plaintiff must prove that the municipality *itself* had a "policy" or "custom" of making unconstitutional searches and seizures. *See*, *e.g.*, *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (affirming grant of summary judgment in favor of Ramsey County, Minnesota, because the evidence failed to

establish a "policy" or "custom" of the County or the sheriff's department to violate the Fourth Amendment) (applying *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

To prove a "policy," Plaintiff must establish the existence of "an official policy" which is "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id*. No allegation of such an "official policy" exists here.

To prove a "custom," Plaintiff must show three things. First, Plaintiff must show "a continuing, widespread, persistent pattern of unconstitutional misconduct by governmental employees." *Id*. (citation and internal quotation marks omitted.) Second, Plaintiff must show "[d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Id*. Third, Plaintiff must show that the "custom" was the "moving force" behind the constitutional violation. *Id*. No such allegations are present here.

At the pleading stage, Plaintiff need not specifically assert the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 591 (8th Cir. 2004) (affirming the granting of a motion to dismiss for failure to allege any language or facts from which an inference could be drawn that the municipal defendant had a policy or custom of violating the Constitution). However, Plaintiff must "'[a]t a minimum . . . allege facts which would support the existence of an unconstitutional policy or custom.'" *Id*. (quoting *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). If a plaintiff files a complaint that fails to include "any language or facts from which an inference could be drawn that [the municipal defendant] had a policy or custom" of violating the Constitution, then a motion to dismiss may be granted. *Id.*

Here, there are no facts alleged in the Complaint from which one might infer the necessary "policy" or "custom." And, as I shall discuss next, Plaintiff's Complaint is explicitly predicated upon commonplace principal-agent liability.

While I would normally allow Plaintiff an opportunity to amend, two things suggest that such a course of action would be a waste of time. First, Plaintiff has specifically alleged that the officers were acting pursuant "to the *general authority* to act for the City of Omaha . . . ." (Filing No. 1 at CM/ECF p. 11.) (emphasis added.) This specific assertion of ordinary agency liability is in direct conflict with applicable federal law regarding the constitutional torts of city employees. As detailed earlier, a municipality cannot be liable for the constitutional torts of a police officer if that officer is merely acting pursuant to the "general authority" that the city vests in all police officers. There must be far more.

Second, instead of directly addressing the merits of Defendants' Motion to Dismiss, Plaintiff has filed numerous motions and briefs that are either completely irrelevant or recite potentially relevant principles but fail to apply those abstract propositions to Plaintiff's 26-page Complaint or Defendants' Motion. (*See* Filing No. 44 (Motion for Summary Judgment), Filing No. 45 (Motion for Default), Filing No. 46 (Motion to Strike), Filing No. 47 (Brief in Support of Motion to Strike), Filing No. 48 (Motion to Amend Pleading regarding motion for summary judgment).) There is no reason to think that an amended complaint would be any better.[2]

Under these circumstances, providing Plaintiff an opportunity to amend would be futile. Therefore, I will grant Defendants' Motion to Dismiss (filing no. 39, attach.

---

[2]Indeed, after making one amendment to his Complaint on June 25, 2007 (filing no. 12), Plaintiff tried to make another amendment to the amended Complaint on July 24, 2007. (Filing No. 22.) That request, which was not directly pertinent to his claims against the City of Omaha or the police officers, was denied. (Filing No. 38.)

1) because Plaintiff failed to allege facts from which a "policy" or "custom" could be inferred.

*The Motion to Dismiss and the Statute of Limitations*

Defendants also move to dismiss because the Complaint shows on its face that it is barred by the statute of limitations. *See*, *e.g.*, *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run; stating "that when it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.") (citation omitted). I agree with Defendants.

"The applicable state law statute of limitations governs § 1983 claims." *Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007) (affirming dismissal).³ In Nebraska, there is a four-year statute of limitations that applies to suits like this one. *See Poor Bear v. Nesbitt*, 300 F. Supp.2d 904, 912-913 (D. Neb. 2004) (affirming dismissal of section 1983 claim that alleged, among other things, an improper arrest because the four-year statute of limitations found in Neb. Rev. Stat. § 25-207 (West 2008) had run.) (quoting

---

³Regarding 28 U.S.C. § 1658(a), a federal statute mentioned in Plaintiff's Complaint (filing no. 1 at CM/ECF p. 8.), this "four-year federal 'catch-all' statute of limitations" does not apply to section 1983 cases because "§ 1658 's four-year statute of limitations applies only to statutes enacted after December 1, 1990" and "[s]ection 1983 was enacted prior to December 1, 1990." *Laurino v. Tate*, 220 F.3d 1213, 1217 (10th Cir. 2000) (affirming dismissal of section 1983 case against the City of Wichita and its police department because the two-year Kansas statute of limitations had run). Furthermore, 28 U.S.C. § 1658(b) providing a two and five year statute of limitations, depending on the facts of the case, is obviously not applicable because that provision only applies to securities cases and this is not a securities case.

*Bauers v. City of Lincoln*, 514 N.W.2d 625, 634 (Neb. 1994) which in turn relied upon *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988)).

Because the criminal case that was based upon the allegedly unlawful search and seizure was dismissed no later than August 19, 2002, according to the Complaint (filing no. 1 at CM/ECF p. 22), it is apparent that Plaintiff's claim had accrued more than four years before he filed this federal suit on April 17, 2007. The statute had therefore run by the time Plaintiff filed suit unless it was tolled for some reason.

It is also apparent, from the face of Plaintiff's Complaint, that there are no facts that would toll the statute of limitations. For example, Plaintiff's Complaint affirmatively shows that he was released from jail on August 16, 2002. (Filing No. 1 at CM/ECF p. 21.)

Plaintiff takes a half-hearted stab at pleading around the statute of limitations problem by referring to "Neb. Rev. Stat. 25-209 [sic], and discovery rule, and etc." (Filing No. 1 at CM/ECF p. 8.) For several reasons, this allegation is unavailing.

First, Neb. Rev. Stat. § 25-209 (West 2008) is not applicable because it pertains to actions on an "official bond or undertaking." Furthermore, it is plainly absurd for Plaintiff to plead that he could not have "discovered" the constitutional tort earlier given the nature of the tort itself as described by Plaintiff in his Complaint. Indeed, I am free to disregard such an unsupported generalization. *See*, *e.g.*, *Varner,* 371 F.3d at 1016 (stating that "we are 'free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.'") (citation omitted). Having addressed the tolling issue himself in his Complaint, it is clear that Plaintiff has nothing more to add on that subject.

In summary, I will grant Defendants' Motion (filing no. 39, attach. 1) because Plaintiff's Complaint shows on its face that (1) the statute of limitations had run by the

time he filed suit and (2) there are no grounds upon which the statute of limitations could be tolled. Accordingly, this case will be dismissed with prejudice. *Varner,* 371 F.3d at 1015.

*Plaintiff's Motions*

As I noted earlier, Plaintiff has filed several motions. They all lack merit. Plaintiff's Motion for Summary Judgment (filing no. 44) will be denied because Plaintiff is not entitled to summary judgment merely because he disagrees with Defendants' motion to dismiss. Plaintiff's Motion for Default (filing no. 45) will be denied because Defendants are not in default. Plaintiff's Motion to Strike Defendants' Motion to Dismiss (filing no. 46) will be denied because a motion to strike is not the proper way to assert one's substantive disagreement with a motion to dismiss and because Defendants' Motion to Dismiss is both timely and meritorious. The Motion to Amend the Motion for Summary Judgment (filing no. 48) will be denied because the Motion for Summary Judgment (filing no. 44), whether amended or not, lacks merit and must be denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (filing no. 39, attach. 1) is granted. This case is dismissed with prejudice as against the City of Omaha, its police department and Omaha Police Officers T. Ringhoff and J. Warnock. A separate judgment will be issued.

August 26, 2008.           BY THE COURT:

                           *s/Richard G. Kopf*
                           United States District Judge